REQUESTED BY: Charles G. Nelson, Executive Director, Nebraska Board of Engineers and Architects
The Nebraska Board of Engineers and Architects (the "Board") is authorized to "enforce the Engineers and Architects Regulation Act (the "Act") and the rules and regulations, including enforcement against any unlicensed person" Neb. Rev. Stat. § 81-3440 (1999). Neb. Rev. Stat. § 81-3402 provides that one cannot practice architecture or engineering in the state unless duly licensed by the Board. You have requested an opinion of our office whether the Board has authority to enforce the Act on Indian lands. After speaking with you, we understand that the Board has no specific questions or concerns regarding enforcement on Indian lands at this time, but would like some general information with regard to the jurisdiction of the Board.
In 1994 our office issued an opinion at the request of the State Electrical Board concerning that board's authority to enforce the requirements of the state Electrical Act on Indian lands. Op. Att'y Gen. No. 94072 (September 9, 1994) is attached for your reference. That opinion discussed two significant federal laws, 18 U.S.C. § 1162 and25 U.S.C. § 231, as well as a number of relevant cases regarding a state's regulatory authority with regard to Indian lands. We acknowledged that the State of Nebraska has a significant interest in ensuring safe and reliable electrical service for its citizens. However, we concluded neither federal statute authorized the state to enforce the Electrical Act on Indian-owned land within the boundaries of a reservation and also concluded that the regulation of the installation of electrical wiring on reservations was not one of those exceptional circumstances in which the United States Supreme Court has held a state may assert jurisdiction over the on-reservation activities of tribal members. California v. CabazonBand of Mission Indians, 480 U.S. 202 (1987). We then discussed whether the State of Nebraska could apply the Electrical Act to non-Indians residing on land within the reservation boundaries but not owned by the tribe or tribal members. When an on-reservation activity involves only non-Indians, a state may usually regulate it. Montana v. United States,450 U.S. 544, 565 (1981) ("the inherent sovereign powers of an Indian tribe do not extend to the activities of non-members of the tribe"). In our previous opinion we, therefore, concluded that the State of Nebraska would seem to have the authority to apply the Electrical Act to non-Indians residing on non-Indian land.
After further research, we have found no cases that would change the conclusions of our 1994 opinion concerning the state Electrical Act. We are unaware of any federal statute authorizing or addressing state regulatory jurisdiction over architects or engineers in Indian country and are also unaware of any tribal regulation of architects or engineers on reservations within the State of Nebraska. In our view, the same federal laws and case law provide guidance as to the jurisdiction or authority of the Nebraska Board of Engineers and Architects. Therefore, our analysis and conclusions in Op. Att'y Gen. No. 94072 are also applicable to your question. If the individual performing architectural or engineering work is a tribal member engaged in a project on Indian land, the Board would probably be found to lack jurisdiction over that individual. If the architect or engineer is a non-tribal member engaged in a project on non-Indian land within the reservation, the Board likely has jurisdiction over that architect or engineer.
The question of jurisdiction becomes more complicated if the architect or engineer is a non-tribal member practicing his or her profession on Indian land or if the architect or engineer is a tribal member engaged in a project on non-Indian land within the boundaries of the reservation. The Board might have jurisdiction depending upon a balancing of all the state, tribal, and federal interests at issue and the facts of each specific situation would need to be examined. We note that if a tribal member applies for and maintains a Nebraska license to practice architecture or engineering, that licensee has probably subjected himself or herself to the jurisdiction of the Board and the Board would likely have authority to regulate that practice. The answer is less clear with regard to an unlicensed individual who is practicing architecture or engineering in the circumstances outlined in this paragraph.
 Sincerely, DON STENBERG
 Attorney General Lynn A. Melson Assistant Attorney General